UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-167-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LIAM MONTGOMERY COLLINS, A/K/A "Disciple;" PAUL JAMES KRYSCUK, A/K/A "Deacon;" JORDAN DUNCAN, A/K/A "Soldier;" and JUSTIN WADE HERMANSON, A/K/A "Sandman" | ) ) ) ) ) ) | |

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal 16(d), ORDERED:

1. Counsel for the defendants and anyone else directly or indirectly receiving discovery from the Government shall not copy, disclose, or otherwise make available any documents in this case or information from those documents to any person who is not an attorney or staff member of counsel's office who is then working on this case, to someone counsel's office is then employing or contracting with to work on this case, or to the defendant, as limited below. Counsel shall not provide any of the above-listed individuals the discovery in this case without their agreement to the terms of this order.

1

2. Anyone having access to discovery shall not provide the defendant with any copies of discovery in this case that contain information described in Fed. R. Crim. P. 49.1 (such as bank account numbers, financial information, social security numbers, dates of birth, the name of an individual known to be a minor, confidential business information, or other sensitive or confidential information of third parties) or the confidential information itself without obtaining the permission of an attorney for the Government who is working on this case or further order of this Court. Similarly, the defendant shall not write down or otherwise record confidential information from the discovery without obtaining the permission of an attorney for the Government who is working on this case or further order of this Court.

3. Discovery material provided by the United States may be utilized by counsel for the defendant solely in connection with the preparation, trial, sentencing, direct appeal, and collateral attack of this case and for no other purpose and in connection with no other proceeding. No additional copies of the discovery material shall be made except as necessary for those purposes. Any copies shall be treated in the same manner as the original material.

4. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information, including Federal Rule of Criminal Procedure 49.1 and the Privacy Act of 1974, 5 U.S.C. § 552a. The parties shall not file personal identity information with, or submit such information to, the Court or reproduce such information's contents in any court filing unless the filing is placed

under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

5. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this 14th day of December 2020.

*Richard E Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE